# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TY WELLS STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>FBI; STATE OF ALASKA; AND LAW ENFORCEMENT ALASKA REGION<br><br>    Defendants. | Case No. 3:19-cv-00247-SLG-DMS<br><br>**FINAL REPORT & RECOMMENDATION**[1] |

## ORDER OF DISMISSAL

On September 10, 2019, Ty Wells Stevens, a self-represented litigant, filed a Complaint Under the Civil Rights Act 42 U.S.C. § 1983, along with a civil cover sheet and an Application to Waive the Filing Fee.[2]

---

[1] Under 28 U.S.C. § 636(b)(1), a District Court may designate a magistrate judge to hear and determine any pretrial matter pending before the Court. Under the same provision, a District Court judge may reconsider any pretrial matter where it has been shown the magistrate judge's order is clearly erroneous or contrary to law. Within fourteen days after being served with a copy of a magistrate judge's order, any party may serve and file written objections. Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. A District Court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. See *Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

[2] Dockets 1-3.

On September 24, 2019, Mr. Stevens filed a First Amended Complaint.[3] In his First Amended Complaint, Mr. Stevens alleged that the under these above allegations the FBI has deprived him of his freedom of choice.[4] He further alleged that the State of Alaska and Law Enforcement of the Alaska Region have subjected him to cruel and unusual punishment.[5] The Court screened the order in accordance with federal law, dismissed the complaint for failing to state a claim upon which relief may be granted, and gave leave to amend.

On February 3, 2020, Mr. Stevens filed his Second Amended Complaint. Once again, Mr. Stevens names the FBI, the State of Alaska, and Law Enforcement Alaska Region as defendants.[6] Mr. Stevens alleges that the FBI and "government employees" violated his freedoms of privacy and choice. Mr. Stevens alleges that the FBI and "government employees" have (1) him under surveillance; (2) impersonated government employees; (3) impersonated medical doctors and committed malpractice; (4) staged court proceedings; (5) tampered with his belongings; (6) invaded his privacy; (7) "fake arrest"; and "evidence tainted."[7]

---

[3] Docket 4.

[4] Docket 4 at 3.

[5] Docket 4 at 4-5.

[6] Docket 7 at 2.

[7] Docket 7 at 3.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 2 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 2 of 15

For relief, Mr. Stevens requests (1) $300,000,000.00 in damages; (2) $5,000,000.00 in punitive damages; (3) an order requiring defendants to "seize and desist and provide full disclosure"; and (4) a declaration that "my rights be returned and all gov employee acting under color of law be penalized."[8] Mr. Stevens demands a jury trial.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[9] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[10]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[11] In conducting its review, a

---

[8] Docket 7 at 6-7.

[9] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 3 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 3 of 15

court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[12] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13]

## DISCUSSION

Mr. Stevens alleges civil rights violations under 42 U.S.C. § 1983 against the FBI, the State of Alaska, and the Law Enforcement of the Alaska Region. Mr. Stevens has neither plausibly alleged jurisdiction, nor a viable claim under 42 U.S.C. § 1983 or any other federal cause of action. Accordingly, the Court must dismiss the action.

---

Cir. 2001)).

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 4 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 4 of 15

## I. **Jurisdiction**

Jurisdiction is "[a] court's power to decide a case or issue a decree."[14] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[15] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[16] This means that the Court has the authority to hear only specified types of cases.[17] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[18]

### a. Federal Question Jurisdiction

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[19] In order for a plaintiff to establish federal question jurisdiction it must be (1) clear on the

---

[14] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[15] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern.v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[17] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[18] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[19] 28 U.S.C. § 1331.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 5 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 5 of 15

face of the complaint an issue of federal law exists and (2) that federal law created a cause of action for the plaintiff to seek relief.[20]

Mr. Stevens makes his allegations under 42 U.S.C. § 1983, which provides a cause of action for deprivation of an individual's civil rights by a state actor.[21] Additionally, Mr. Stevens alleges jurisdiction under the following federal statutes: (1) 18 U.S.C. § 241, Conspiracy against rights; (2) 18 U.S.C. § 242, Deprivation of rights under color of law; (3) 34 U.S.C. § 12601, which provides the U.S. Attorney General a cause of action against individuals or agencies who may have violated the rights of incarcerated juveniles; (4) 34 U.S.C. § 10228, which prohibits discrimination of criminal justice agencies receiving federal funding; (5) 42 U.S.C. § 2000d, et seq., which prohibits discrimination on the basis of race, color, or national origin in federally funded programs.[22] Mr. Steven's Second Amended Complaint cites to a federal statute, but it does not allege sufficient facts to plausibly allege the required elements of 42 U.S.C. § 1983 or to state another viable federal constitutional or statutory claim.[23] Because the Second Amended Complaint does not plausibly allege facts that, if proven, would constitute a

---

[20] *See Louisville & N.R.R. v. Mottley*, 219 U.S. 467 (1911); *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

[21] Docket 7.

[22] Docket 7 at 1.

[23] *See* Docket 7.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 6 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 6 of 15

violation of the U.S. Constitution or a federal statute by a state actor that is redressable by a private citizen in federal court, this Court does not appear to have federal question jurisdiction over this case.

### b. Diversity Jurisdiction

Diversity jurisdiction requires that the plaintiff has "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[24] This means that this Court could have subject matter jurisdiction over a case (including one involving only state law issues) when the plaintiff demonstrates that he is a citizen of a different state than the citizenship of each of the defendants.[25] However, if any defendant is a citizen of the same state as any plaintiff, then no diversity jurisdiction exists.[26]

Mr. Stevens does not formally establish citizenship; but the filings indicate that Mr. Stevens and the Defendants likely work and/or hold addresses in Alaska and are likely all Alaska citizens for purposes of diversity jurisdiction.[27] Therefore, this Court does not appear to have diversity jurisdiction over this action.

---

[24] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[25] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

[26] *Id.*

[27] *See* Docket 1.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 7 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 7 of 15

Accordingly, Mr. Stevens has not plausibly alleged jurisdiction in his Second Amended Complaint. The Court does not have jurisdiction over this action; therefore, the action must be dismissed.

## II. Failure to State a Claim

A complaint seeking relief from a federal court must be clear. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Mr. Stevens is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim.

Mr. Stevens has provided an assorted list of allegations against the FBI. However, Mr. Stevens has not provided a description of the specific harm that occurred to him. Additionally, Mr. Stevens has not alleged when, where, or who caused that harm. Accordingly, Mr. Stevens has not alleged sufficient plausible details to meet the standard of pleading required by Rule 8 of the Federal Rules of Civil Procedure.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 8 of 15
Case 3:19-cv-00247-SLG-DMS    Document 9    Filed 03/30/20    Page 8 of 15

### III.    <u>42 U.S.C. § 1983</u>

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[28] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[29] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[30] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[31] Critically, a plaintiff must establish a causal link between the state action and the alleged violation of her rights.[32] These essential elements must be pleaded in a § 1983 claim.

---

[28] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[29] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[30] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[31] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[32] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 9 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 9 of 15

a. <u>Government agencies and States are not generally held liable under 42 U.S.C. § 1983; liability requires the violation of a Constitutional right by a "state actor".</u>

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law. A defendant has acted under color of state law when he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[33]

42 U.S.C. §1983 only applies to state actors. A state is not a person for purposes of § 1983.[34] Similarly, a governmental agency that is an arm of the state is not a person for the purposes of § 1983.[35] Allegations made against a federal actor must be claimed as a *Bivens* action (which is similar to § 1983 claim, but applies to federal actors) or under another federal statute that would grant liability.[36] Similarly to state agencies, *Bivens* actions cannot be brought against

---

[33] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[34] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (holding that states are not persons for purposes of § 1983); *Will v. Mich. Dep't. of State Police*, 491 U.S. at 64, 71, n.10. (establishing that even if a plaintiff seeks only injunctive relief, a state has not waived its Eleventh Amendment immunity and cannot be sued under its own name under § 1983); *see also Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016) (explaining that § 1983 did not abrogate states' Eleventh Amendment immunity and therefore does not allow suits in federal court against states themselves).

[35] *Sato v. Orange Cty. Dep't. of Educ.*, 861 F.3d 923, 928 (9th Cir.) (explaining that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court), *cert denied*, 138 S. Ct. 459 (2017).

[36] *See Bivens v. six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 10 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 10 of 15

the United States, agencies of the United States, or federal agents in their official capacities.[37]

While the FBI performs governmental duties and enforces federal law, the FBI is not a proper defendant for the purposes of § 1983. The FBI is a federal agency and is not a person under §1983. Therefore, Mr. Stevens has not alleged a state actor for purposes of § 1983.

### b. A state actor must violate a pre-existing constitutional or federal right.

42 U.S.C. § 1983 does not confer constitutional or federal rights. Instead, it provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[38] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[39] Section 1983 does not provide

---

388 (1971) (which established that injuries to constitutional rights by federal officials could be resolved by damages suits brought under general federal question jurisdiction); *see also Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843 (2017) (which counseled federal courts from broad expansions of *Bivens* claims).

[37] *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F. 3d 1157, 1173 (9th Cir. 2007).

[38] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

[39] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 11 of 15
Case 3:19-cv-00247-SLG-DMS Document 9 Filed 03/30/20 Page 11 of 15

a cause of action for violations of state law.[40]  However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[41]

Mr. Stevens alleges that FBI violated his "freedom of privacy" and "freedom of choice."[42]  This is a vague statement and does not plausibly allege a recognized constitutional violation.  Mr. Stevens has not plausibly alleged a constitutional violation.

The Court also takes judicial notice of Mr. Stevens pending criminal state court matters *State of Alaska v. Stevens*, Case Nos.3AN-17-09676CR, 3AN-18-06723CR, and 3AN-18-08420CR.[43]  If Mr. Stevens has concerns about evidence and law enforcement actions related to these cases, he is likely best served by raising any related constitutional issues in that forum.

      c. <u>A plaintiff must show causation between a defendant's actions and the violation of their constitutional or federal right.</u>

---

[40] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[41] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[42] *See* Docket 7.

[43] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 12 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 12 of 15

Importantly in a § 1983 action, a plaintiff must demonstrate causation, or show how the defendant, acting under color of state law, allegedly violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[44] The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[45]

Since Mr. Stevens has not shown a state actor or a federal constitutional or statutory violation, he has not shown causation. Accordingly, Mr. Stevens has not plausibly alleged any of the required elements of a civil rights action under 42 U.S.C. § 1983, and his action must be dismissed.

### IV. **Futility of Amendment**

"It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'"[46] Previously, the Court provided an explanation of the deficiencies

---

[44] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[45] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

[46] *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (stating "It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after "repeated opportunities."); *citing Neubronner v. Milken,* 6 F.3d

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 13 of 15

of the First Amended Complaint and an opportunity to remedy those problems. The Second Amended Complaint continues to have the same deficiencies. The Second Amended Complaint fails to state a claim upon which relief may be granted and does not provide any basis for the federal court to exercise subject matter jurisdiction. As previously discussed, Mr. Stevens' claims are best addressed in his ongoing state court matters. Therefore, the Court finds that further amendment in the federal court would be futile and the Second Amended Complaint will be dismissed without leave to amend.

## CONCLUSION

Mr. Stevens has failed to establish jurisdiction, allege sufficient factual details to state a claim, or plausibly allege the required elements of a claim under 42 U.S.C. § 1983. Mr. Stevens claims are futile and must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The action is recommended to be DISMISSED for failure to state a claim upon which relief may be granted, failure to cure repeated deficiencies in the pleadings, and for lack of subject matter jurisdiction;[47]

2. The dismissal is without leave to amend in federal court but without prejudice in order for Mr. Stevens to pursue any viable claims in Alaska state court.

---

666, 672 (9th Cir. 1993); *quoting Semegen v. Weidner,* 780 F.2d 727, 730–31 (9th Cir. 1985).

[47] Supra FN 1.

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 14 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 14 of 15

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED this 30th day of March, 2020 at Anchorage, Alaska.

*/s/ Deborah M. Smith*
CHIEF U.S. MAGISTRATE JUDGE

Case No. 3:19-cv-00247-SLG-DMS, *Stevens v. FBI, et al.*
Final Report & Recommendation
Page 15 of 15
Case 3:19-cv-00247-SLG-DMS   Document 9   Filed 03/30/20   Page 15 of 15